UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN'S HEAVY EQUIPMENT SERVICES LLC, | } } } | |
| Plaintiff, | } } | |
| v. | } } | Case No.: 2:22-cv-00800-MHH |
| SOUTHERN TIRE MART AT PILOT LLC et al., | } } } | |
| Defendants. | } | |

## MEMORANDUM OPINION AND ORDER

Defendants Southern Tire Mart at Pilot LLC and Pilot Travel Centers LLC have asked the Court to transfer this case to the Middle District of Tennessee, or, in the alternative, to dismiss this action for lack of personal jurisdiction. (Doc. 3). Plaintiff Jonathan's Heavy Equipment Services LLC has asked the Court to remand the case to the Circuit Court of Jefferson County, Alabama. (Doc. 9). For the reasons discussed below, the Court finds that it may exercise jurisdiction over this action under 28 U.S.C. § 1332, and the Court grants the defendants' motion to transfer.

*Subject Matter Jurisdiction*

Southern Tire Mart and Pilot removed this case to federal court based on

1

diversity jurisdiction. (Doc. 1). Under 28 U.S.C. § 1332, a federal court may exercise jurisdiction over a state law action if the amount in controversy exceeds the jurisdictional minimum of $75,000, and the parties are citizens of different states.

Here, it is undisputed that the plaintiff and the defendants are citizens of different states. Jonathan's Heavy Equipment is a limited liability company whose sole member, Jonathan Butler, is a citizen of Alabama. Therefore, Jonathan's Heavy Equipment is a citizen of Alabama. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). Based on the citizenship of its members, Pilot Travel Centers LLC is a citizen of Tennessee, Nebraska, and Utah. (Doc. 1, p. 3). Based on the citizenship of its members, Southern Tire Mart LLC, a defendant who has not been served, is a citizen of Mississippi. (Doc. 1, pp. 3-4). Based on the citizenship of its members, Southern Tire Mart at Pilot LLC is a citizen of Tennessee, Nebraska, Utah, and Mississippi. (Doc. 1, p. 4).

Jonathan's Heavy Equipment has asked the Court to remand this action to state court because the company "expressly disclaims any entitlement to more than $74,999.99 and categorically states that Plaintiff will never accept more." (Doc. 9, p. 4). This sort of post-removal declaration is not part of a district court's remand analysis. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). In its complaint, Jonathan's

Heavy Equipment claims upwards of $40,000 in compensatory damages. (Doc. 1-1, p. 9). Jonathan's Heavy Equipment also claims, among other remedies, punitive damages (likely based on the company's wantonness claim) and "treble damages under and to the extent allowed by Tenn. Code, §47-18-1409." (Doc. 1-1, p. 10). These alleged damages easily exceed the $75,000 jurisdictional threshold in § 1332. Moreover, in a pre-suit settlement demand, Jonathan's Heavy Equipment asserted that it "sustained significant damages well in excess of the jurisdictional threshold for U.S. District Court" and assessed damages of more than $165,000. (Doc. 1-2, p. 5). On this record, the Court finds that more than $75,000 was in controversy at the time of removal and denies Jonathan's Heavy Equipment's motion to remand.

*Personal Jurisdiction*

Southern Tire Mart and Pilot argue that transfer of this action to the Middle District of Tennessee under 28 U.S.C. § 1631 is in the interests of justice because the Court lacks personal jurisdiction over them, and Jonathan's Heavy Equipment could have filed this action in the transferee court. (Doc. 3).

With respect to personal jurisdiction, the Court must answer two questions: (1) may this federal district court exercise personal jurisdiction over Southern Tire Mart and Pilot under Alabama's long-arm statute, and (2) if so, would this Court's exercise of jurisdiction violate the due process clause of the Fourteenth Amendment? *Due Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). In this case, the two

3

questions merge "because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (citing ALA. R. CIV. P. 4.2(b)). "The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). A plaintiff may establish either general personal jurisdiction over a defendant or specific personal jurisdiction over a defendant.

*General Jurisdiction*

General personal jurisdiction arises from a defendant's "contacts with the forum that are unrelated to the cause of action being litigated." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000). "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction[.]" *Consol. Dev. Corp.*, 216 F.3d at 1292. For general jurisdiction to exist, a defendant's affiliation with the forum state must be so "continuous and systematic as to render" the defendant "essentially at home in the forum State." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (internal citations and quotations omitted). "'The 'paradigm all-purpose forums' in which a corporation is at home are the corporation's place of incorporation and its principal place of business." *Waite*, 901 F.3d at 1317 (quoting *Daimler AG v.*

4

*Bauman*, 571 U.S. 117, 137, (2014)). "Outside of these two exemplars, a defendant's operations will 'be so substantial and of such a nature as to render the corporation at home in that State' only in an 'exceptional case.'" *Waite*, 901 F.3d at 1317 (quoting *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 412 (2017)).

Jonathan's Heavy Equipment argues that the defendants "have some 8 to 10 Pilot Flying J travel center stores in the Northern District of Alabama" and that "Pilot Flying J Travel Centers . . . constitutes the largest truck stop or travel center chain in the United States: 'With over 740 locations in 44 states . . . .'" (Doc. 9, p. 1). Jonathan's Heavy Equipment also argues that it has an "ongoing open account" with Pilot Travel Centers LLC "through a Pilot Flying J credit card known as the Axle™ Credit Card, which open account is fully located in the State of Alabama." (Doc. 16, p. 5).

Neither argument is sufficient to establish general jurisdiction over Southern Tire Mart and Pilot in the Northern District of Alabama. Alabama is not the "paradigm all-purpose forum" for either defendant because neither defendant is based in Alabama. Southern Tire Mart's principal place of business is in Mississippi, (Doc. 3-1), and Pilot's principal place of business is in Tennessee, (Doc. 3-3).

In *Daimler*, the Supreme Court did not "foreclose the possibility that in an exceptional case, a corporation's operations in a forum other than its formal place of

5

incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG*, 571 U.S. at 139 n.19. Nevertheless, the Supreme Court declined to extend the exercise of general personal jurisdiction to "every State in which a corporation 'engages in a substantial, continuous, and systematic course of business,'" and called that formulation "unacceptably grasping." *Daimler AG*, 571 U.S. at 138. Jonathan's Heavy Equipment has not demonstrated that either defendant's work in this judicial district qualifies the defendant as "an exceptional case" that warrants this Court's exercise of general jurisdiction over the defendant.

*Specific Jurisdiction*

To determine specific personal jurisdiction, a district court must examine:

(1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citation omitted). The plaintiff must establish the first two prongs, and if the plaintiff does so, then the defendant must "make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355 (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010)).

6

As to the first prong, a direct relationship between the defendant, the forum, and the litigation must exist. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355–56. Specific personal jurisdiction is thus "confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted).

Jonathan's Heavy Equipment argues that "[t]he cause of the engine failure was diagnosed in Alabama and could not in any commercially reasonable fashion have been diagnosed in Tennessee" and that "Defendants placed their oil change and makeshift fuel filter and oil in the stream of commerce and could reasonably expect to be sued in the State where the damage was diagnosed, where the truck came to rest after towing, where their customer did business with them, where they received payment for fuel, and where they drafted money from Plaintiff's bank account." (Doc. 16, p. 9).[1]

Jonathan's Heavy Equipment's Pilot fuel card is not related to the allegedly

---

[1] *See also* (Doc. 16, pp. 8–9) ("The affiliation between the forum and the underlying controversy is as follows: Defendants knew Plaintiff was in Alabama when they provided services, sent an Axle™ Credit Card, drew money out of Plaintiff's Alabama bank, and sold oil, gas, tires, and other goods and services to Plaintiff. When Defendant put too much oil in Plaintiff's truck, and then abandoned Plaintiff's truck and driver on the roadside in Tennessee at night, Plaintiff had to hire a wrecker to tow the undriveable truck back to Alabama for repairs. All the repairs took place in the Northern District of Alabama. Defendants knew or should have known Plaintiff's truck had to be towed back to Alabama, and in fact in essence chose Alabama for the repairs because they did not lift a finger to tow or repair the truck that night by the side of the road in Tennessee. Hurricane Mills, TN is a rural area.").

defective oil change, tire installation, and brake adjustment giving rise to this case. Jonathan's other arguments do not suffice to show that Southern Tire Mart's and Pilot's connection to Alabama is derived from or connected to the work Southern Tire Mart on the plaintiff's truck performed in Tennessee.

Moreover, subjecting Southern Tire Mart and Pilot to a lawsuit in Alabama regarding repairs performed in Tennessee would violate traditional notions of fair play and substantial justice. Jonathan's Heavy Equipment's assertion that Southern Tire Mart and Pilot can expect to be sued in the state where the damage caused by an oil change is diagnosed or where a truck is towed to after the damage would create impermissible uncertainty about the states in which a defendant could be sued. Notably, the allegedly faulty tire installation and brake adjustments made at the Tennessee travel center and repair shop were diagnosed in Missouri. (Doc. 1-1, p. 9). Plaintiff's view that a forum exists wherever a truck can travel is at odds with the concept of specific jurisdiction.

This is not to say, of course, that Southern Tire Mart and Pilot are not subject to suit in this judicial district. The defendants have a significant presence in this forum through truck stops located here. But for this Court to exercise jurisdiction over the defendants based on specific personal jurisdiction, the claims against the defendants must have "a substantial connection" to the defendants' conduct in this forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Court recognizes that this

8

forum is more convenient for Jonathan's than the transferee forum, but "[d]ue process limits on [this Court's] adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Walden*, 571 U.S. at 284. The United States Supreme Court has "consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284. Because the defendants' contacts with this forum are unrelated to the work that gives rise to Jonathan's claims against them, due process prevents this Court from exercising jurisdiction over Southern Tire Mart and Pilot in this case.

The Court does not find *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021), plaintiff's supplemental authority, persuasive in this case. *Ford* concerns lawsuits brought in states where two defective Ford vehicles caused accidents. *Ford Motor Co.*, 141 S. Ct. at 1022. The parties in *Ford* agreed that Ford was not subject to general jurisdiction in the foreign forums. Ford argued that the foreign forums could exercise specific personal jurisdiction over it only if its conduct in the foreign forums gave rise to the plaintiffs' claims. *Ford Motor Co.*, 141 S. Ct. at 1023.

The Supreme Court rejected Ford's causation-only approach. The requirement that there be a connection between the defendant's contacts with the

9

forum state and the action "demands that the suit 'arise out of or relate to the defendant's contacts with the forum.'" *Ford Motor Co.*, 141 S. Ct. at 1026 (citation omitted). The Supreme Court stated that "[t]he first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *Ford Motor Co.*, 141 S. Ct. at 1026. The Supreme Court added that it "d[id] not mean anything goes. In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Ford Motor Co.*, 141 S. Ct. at 1026.

The Supreme Court found that the foreign forums had personal jurisdiction over Ford because Ford served a market for a product in the forum states, and its product malfunctioned in the forum states. *Ford Motor Co.*, 141 S. Ct. at 1028 ("Ford had systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States. So there [was] a strong 'relationship among the defendant, the forum, and the litigation'—the 'essential foundation' of specific jurisdiction.").

In contrast to *Ford*, Jonathan's Heavy Equipment contends that allegedly faulty repairs manifested in states other than Alabama. Jonathan's Heavy Equipment's lawsuit is connected to Alabama only because the company chose to tow one of its trucks to Alabama after the truck's engine failed outside of the state

10

of Alabama.

Therefore, the Court concludes that it may not exercise jurisdiction over Southern Tire Mart or Pilot with respect to the alleged faulty repairs to Jonathan's Heavy Equipment's truck.

*Transfer*

Absent personal jurisdiction over Southern Tire Mart and Pilot, the Court may either dismiss this case pursuant to Rule 12(b)(2) of the Civil Rules of Civil Procedure or transfer the case to a jurisdiction in which Jonathan's Heavy Equipment could have sued the defendants initially. As noted, Southern Tire Mart and Pilot have argued that if the Court is inclined to transfer this case, the Court should do so pursuant to 28 U.S.C. § 1631. "There is a debate among courts on the question of whether § 1631 authorizes transfer of a case when there is a lack of personal jurisdiction." *Crowe v. Paragon Relocation Res., Inc.*, 506 F. Supp. 2d 1113, 1126 n.23 (N.D. Fla. 2007) (collecting cases). The Eleventh Circuit has not weighed in on the issue. *Crowe*, 506 F. Supp. 2d at 1126 n.23; *Brown v. Ford Motor Co.*, 347 F. Supp. 3d 1347, 1351 (N.D. Ga. 2018) (citing *Bond v. Ivy Tech State College*, 167 Fed. Appx. 103, 106–07 (11th Cir. 2006)). The Court does not have to decide that question today because the Court may transfer this action to Tennessee under 28 U.S.C. § 1406(a).

Section 1406(a) provides:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). "In this Circuit, a court lacking personal jurisdiction of the defendant may transfer the case under either § 1404(a) or § 1406(a)." *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 992 n.16 (11th Cir. 1982). Although § 1406(a) "speaks only of cases where 'venue' in the original forum is wrong, it has been held to operate when there exists in the original forum an obstacle—whether incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits." *Manley v. Engram*, 755 F.2d 1463, 1467 n.8 (11th Cir. 1985) (citing *Dubin v. U.S.*, 380 F.2d 813 (5th Cir.1967)).

"The decision whether to transfer or dismiss a case pursuant to § 1406(a) 'lies within the sound discretion of the district court.'" *Wainwright v. Thomas*, 2014 WL 4925878, at *3 (M.D. Ala. Sept. 30, 2014) (citation omitted). "To transfer a case under § 1406(a), 'it is enough simply that the court thinks transfer is in the interest of justice.'" *Vulcan Mktg., Inc. v. United Furniture Indus. Bolivia, S.A.*, 2010 WL 11566476, at *6 (N.D. Ala. Feb. 1, 2010). "Courts generally perceive transfer to further the interests of justice more than dismissal." *Alpha Comm Enterprises, Inc. v. Next Vision, Inc.*, 2014 WL 12539706, at *4 (M.D. Fla. Mar. 27, 2014); *Wainwright*, 2014 WL 4925878, at *4.

Because Jonathan's Heavy Equipment could have brought this lawsuit against

Southern Tire Mart and Pilot in the Middle District of Tennessee, the Court will transfer this action to that forum.

## *Conclusion*

For the reasons discussed above, the Clerk of Court shall please transfer this action to the United States District Court for the Middle District of Tennessee and close the file for this case in this district.

**DONE** and **ORDERED** this March 1, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE